**THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-457** |
| **SADE GUPPY** | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Sade Guppy has filed a motion to dismiss an information that charges her with voting as an alien in violation of 18 U.S.C. § 611. The defendant claims Section 611 is unconstitutional as applied to her, because it exceeds the scope of Congress's enumerated powers. But this argument fails under long-standing United States Supreme Court precedent for two reasons. First, when a state has already banned non-citizens from voting in federal elections, Congress may supplement such a ban by passing a law that provides additional penalties for non-citizen voting. *See Smiley* v. *Holm*, 285 U.S. 355, 366-367 (1932) ("In exercising [its Elections Clause] power, the Congress may supplement the[] state regulations…It may impose additional penalties for the violation of the state laws[.]"). And second, Congress possesses "broad constitutional powers in…[the] regulation of [aliens'] conduct." *See Toll v. Moreno*, 458 U.S. 1, 11 (1982). The Court should thus deny the defendant's motion.

## A. Background

Title 18, United States Code, Section 611(a) states: "It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, [or] Member of the Senate[.]" The defendant is not a United States citizen. *See* Docket No. 4 at ¶ 7. Moreover, public records show that the defendant voted in Pennsylvania in the November 2022 federal election. *Id.* at ¶ 8. Upon being interviewed by federal agents, the defendant admitted that she voted in the 2022 election. *Id.* at ¶ 9. The defendant thus stands charged with violating Section 611.

The defendant now seeks to escape responsibility for her crime by claiming that Section 611 is unconstitutional. Specifically, the defendant relies on a recent opinion issued by a judge in the Southern District of Florida, which found Section 611 to be unconstitutional. *See* Defendant's Motion, Exhibit A. For the reasons discussed below, this non-binding district court opinion is erroneous. The Court should thus deny the defendant's motion.[1]

---

[1] On October 22, 2026, a court in the Northern District of Texas summarily denied a pretrial motion to dismiss based on the Florida decision. Judge Mark T. Pittman stated:

> Defendant identifies no other court that has adopted this reasoning, and Courts have applied the statute for years without questioning its validity. *See, e.g.*, *United States v. Knight*, 490 F.3d 1268, 1270-71 (11th Cir. 2007) (affirming § 611 conviction and rejecting due process challenge); *Fitzpatrick v. Sessions*, 847 F.3d 917 (7th Cir. 2017) (holding that a § 611 violation does not require proof that the alien knew the voting was unlawful). Courts invalidate an Act of Congress "only

*continued . . .*

**B. Section 611 Is Constitutional Under the Elections Clause.**

If a state has already banned non-citizens from voting in federal elections, then Congress may pass supplemental legislation that provides additional penalties for such conduct. Congress has the power, under the Elections Clause, to regulate the *manner* of conducting federal elections, regardless of whether it can regulate the *qualifications* for voting. *See Arizona* v. *Inter Tribal Council of Arizona, Inc.* (*ITCA*), 570 U.S. 1, 7-9, 16-17 (2013). Moreover, since Congress can regulate the manner of conducting federal elections, it has the power to punish voter fraud committed by non-citizens who vote in federal elections despite being ineligible to do so under state law. *See Smiley* v. *Holm*, 285 U.S. 355, 366-367 (1932) ("In exercising [its Elections Clause] power, the Congress may supplement the[] state regulations…It may impose additional penalties for the violation of the state laws[.]"); *Burroughs* v. *United States*, 290 U.S. 534, 547 (1934) ("The power of Congress to protect the election of President and Vice President from corruption [is] clear[.]").

Since 1926, every state – including Pennsylvania – has barred non-citizens from voting in federal elections. *See* Motion to Dismiss, Exhibit A, at page 26. The Supreme Court has long established that "Congress may supplement" such state laws under the Elections Clause by "impos[ing] additional penalties for the violation of the state laws."

upon a plain showing that Congress exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607 (2000). A single out-of-circuit, on-appeal, as-applied ruling offered at the 11th hour is not that showing.

*United States v. Bhengura*, No. 4:26-cr-00314-P, ECF 61 (N.D. Tex. Oct. 22, 2026).

*Smiley*, 285 U.S. at 366-367. Given such precedent, Section 611 is constitutional as applied to a defendant who (like Ms. Guppy) voted in a state that prohibits non-citizen voting in federal elections.

The defendant asks this Court to ignore the foregoing Supreme Court precedent and instead follow a 2026 opinion from the Southern District of Florida. *See* Motion to Dismiss, Exhibit A. Yet the Florida court acknowledged that Congress could have enacted a statute that was narrower than Section 611 and banned non-citizens from voting in federal elections contrary to state law. *See id.* at 24-25, 30. The Florida court nevertheless held that Section 611 is unconstitutional because, as written, it also bars non-citizens from voting even if a state allows such persons to vote in federal elections. *See id.*

The Supreme Court has repeatedly held that, if the particular factual application of a federal statute falls within Congress's enumerated powers, a district court cannot invalidate the application of the statute on the grounds that other applications may exceed those powers. In *United States v. Raines*, 362 U.S. 17 (1960), Congress had enacted a statute prohibiting "any person" from engaging "in any act or practice" that would deprive an individual of the right to vote free from racial discrimination, and a district court held that the statute was unconstitutional because it would "allow[] the United States to enjoin purely private action," which would exceed the scope of Congress's power to enforce the Fifteenth Amendment against racially discriminatory state action. *Id.* at 19-20. "Although the complaint in question involved only official action, the [district] court ruled that…the statute on its face was susceptible of application beyond"

state action and thus "was to be considered unconstitutional in all its applications." *Id.* at 20.

The Supreme Court reversed. It emphasized the fundamental "rule that one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." *Id.* at 21. It thus held that, because "the complaint here called for an application of the statute clearly constitutional under the Fifteenth Amendment, that should have been an end to the question of constitutionality." *Id.* at 24-25. In other words, even though the statute in *Raines* covered both state action and private action, while the Fifteenth Amendment covered only state action, the statute was constitutional as applied to state action.

Similarly, even though Section 611 covers non-citizens voting in federal elections in both States that ban such conduct and any States that do not, the statute is constitutional as applied to the former regardless of whether it might be unconstitutional as applied to the latter. Just as the broad phrasing of the statute in *Raines* did not render it unconstitutional as applied to state action, the broad phrasing of Section 611 does not render it unconstitutional as applied to defendants who vote in states that have banned aliens from voting in federal elections. *See Sabri v. United States,* 541 U.S. 600, 608-609 (2004) (citing *Raines* for the proposition that "laws should not be invalidated by 'reference to hypothetical cases'").

### C. Section 611 Is Constitutional Because Congress May Regulate the Conduct of Aliens.

Section 611 is also constitutional because Congress enjoys broad powers to regulate the conduct of aliens. The Court has "long recognized the preeminent role of the Federal Government with respect to the regulation of aliens within our borders." *Toll*, 458 U.S. at 10. This federal authority "derives from various sources," including from the federal government's power to establish a uniform rule of naturalization, to regulate commerce, and to oversee matters related to foreign affairs. *See id.* The Supreme Court has thus repeatedly held that Congress possesses "broad constitutional powers in…[the] regulation of [aliens'] conduct." *See id.* at 11; *Graham v. Richardson*, 403 U.S. 365, 376-77 (1971) (stating that Congress has "broad constitutional powers" to "regulat[e] [the] conduct" of aliens); *Rogers v. Larson*, 563 F.2d 617, 627 (3d Cir. 1977) (holding same). Indeed, in "the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976).

Since Congress has broad powers to regulate the conduct of aliens, it can certainly prohibit them from voting in federal elections. "A prohibition on campaign donations and contributions by foreign nationals is necessary and proper to the exercise of the immigration and foreign relations powers." *See United States v. Singh*, 979 F.3d 697, 710 (9th Cir. 2020) (citing Congress's powers under Article I). The same is true of a prohibition on voting by foreign nationals. Congress acted within its authority when it passed Section 611. *See Bluman* v. *FEC*, 800 F. Supp. 2d 281, 283 (D.D.C. 2011)

(Kavanaugh, J.), *aff'd*, 565 U.S. 1104 (2012) (upholding federal statute banning certain aliens from making election-related expenditures, on the grounds that "[t]he Supreme Court has long held that the government…may exclude foreign citizens from activities that are part of democratic self-government in the United States").

The district court decision cited by the defendant erroneously concluded that Section 611 was an impermissible attempt by Congress to set voter qualifications, rather than a permissible regulation of the conduct of aliens, because the statute "cleaved off non-federal elections" from its purview. *See* Motion to Dismiss, Exhibit A, at page 24. But Congress could rationally exempt non-federal elections from Section 611 because it wanted to prevent aliens from influencing the House of Representatives and the United States Senate – the very bodies that could pass legislation affecting foreign voters' home countries. Indeed, the fact that Congress passed Section 611 to regulate the conduct of aliens is demonstrated by the fact that Section 611 was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. See Pub. L. 104-208, div. C, title II, § 216(a), Sept. 30, 1996, 110 Stat. 3009-572.

**D. Conclusion**

Section 611 is constitutional as applied under both the Elections Clause and Congress's well-established power to regulate the conduct of aliens. The Court should thus deny the motion to dismiss.

Respectfully yours,

DAVID METCALF
United States Attorney

*/s Michael Miller*
MICHAEL MILLER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on all counsel of record through the Electronic Case Filing (ECF) system.

*/s Michael Miller*
MICHAEL MILLER
Assistant United States Attorney

Dated: October 23, 2026.